**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| TALISHA BOSARGE, as mother and next friend of her minor children, WILLIAM HAYDEN WERNETH, and HANNAH SOPHIA WERNETH, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| THE ESTATE OF WILLIAM H. WERNETH[1] and ASHLEY HOPE WERNETH, | ) ) ) ) |
| Defendants. | ) ) ) |

CIVIL ACTION NO 05-0498-D

**<u>ORDER</u>**

This matter is before the court on the consent motion of Ashley Hope Werneth for *pro ami* hearing to approve settlement and for an order to instruct the Clerk of Court to disburse funds paid into court by Hartford Life and Accident Company (Doc. 15), plaintiff Talisha Bosarge's amendment to consent to motion for *pro ami* settlement hearing (Doc. 25) and defendant Ashley Hope Werneth's amendment to consent motion for *pro ami* settlement hearing (Doc. 27).

The parties filed their consent to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).  This case has been transferred to the undersigned by Chief District Judge Callie V. S. Granade to conduct all proceedings including trial and enter judgment. (Doc. 21)

---

[1]  In the joint notice of removal (Doc. 1) defendants report that counsel for plaintiff testified by affidavit filed in the Circuit Court of Mobile County, Alabama as an attachment to the complaint that he could not ascertain that an estate had been opened on behalf of the deceased. <u>See</u> Affidavit of R. Edwin Lamberth, attorney. (Doc. 1, Tab A, Exhibits, p. 19-20)

On December 15, 2005, a hearing was held to ascertain the facts and circumstances relating to the minor plaintiffs' claims.  Present were Talisha Bosarge, as mother and next friend of her minor children, with her counsel George W. Finkbohner III and Ashley Hope Werneth with her counsel Charles Fleming.  The court determined that it was not necessary to appoint a guardian ad litem for the minors since the minors' mother can adequately represent the interest of her children.

Hearing Testimony and Proffer of Evidence

At the hearing, Finkbohner proffered the following evidence in regard to the underlying claims of the parties:

The original policy of life insurance was obtained by the deceased William H. Werneth's through his employer, Kirby Corporation, on August 18, 2000, at which time he was married to Talisha Bosarge.  On June 12, 2001, a judgment of divorce was entered which dissolved the marriage of Talisha Bosarge and Werneth, awarded custody of William and Hannah to Talisha Bosarge and set forth Werneth's obligation to maintain life insurance for the benefit of his children.[2]  After the divorce was final, Werneth lost his job at Kirby Corporation and consequently lost the life insurance.  At some time after the divorce, Werneth returned to work at

_____

[2] The judgment set forth as follows:

> That the defendant shall maintain a policy of life insurance on his life with a death benefit of at least $1.2 million with the minor children of the parties as named irrevocable beneficiaries thereon until the youngest child reaches the age of majority.

(Doc. 1, Tab A, Exhibits).  Counsel proffered that the sum of $1.2 million was an extrapolation of the value of child support during the minority of the children.  He also proffered that the actual policy limit of the original policy was not known.

2

Kirby.  On October 10, 2004, Werneth married Ashley Hope Werneth and on Nov 16, 2004, she

was designated as beneficiary on the life insurance policy obtained through Kirby.  On May 6,

2005, Werneth died and at that time, he and Ashley Hope Werneth were estranged.

   Talisha Bosarge filed a claim against the life insurance policy for the benefit of William

and Hannah based upon the clause in the judgment of divorce.  Hartford denied the claim and

informed Bosarge that it would pay according to the beneficiary designation.  At that time,

Bosarge retained Finkbohner who filed a petition for declaratory judgment and motion for

temporary restraining order in the Circuit Court of Mobile County, Alabama against Ashley

Hope Werneth and Hartford.  Defendant Hartford removed the case to this court.  Hartford has

now paid the sum of $32,023.89, the proceeds of the policy with interest, into this court and has

been dismissed from this litigation.  Counsel also stated that the parties had agreed that if the

settlement agreement was approved by the court, the funds should be paid to the trust account of

defense counsel Fleming for distribution to the parties according to their agreement and this

order.

   Finkbohner also proffered that there were two significant and complex controlling legal

issues present in this case.  First, the issue of whether the judgment of divorce qualifies as a

Qualified Domestic Relations Order (QDRO) such that its provisions would supercede

preemption by the Employee Retirement Income Security Act of 1974 (ERISA).  Second,

whether a judgment of divorce can be retroactively modified such that it would become a QDRO

which would supersede ERISA preemption.  Finkbohner proffered, without prejudice to their

position, that attorneys in his firm researched this issue and found that the judgment of divorce

may not survive scrutiny as to whether it is a QDRO.  A motion to clarify was filed in the

3

domestic relations court but then the agreement was reached and the issue was not litigated.

Finkbohner proffered and Fleming agreed, that litigation of these issues would be complicated and costly in that they would require extensive discovery and research.  The parties also agreed that the litigation could likely consume the proceeds of the policy and result in no recovery for Talisha Bosarge's minor children or Ashley Hope Werneth.  Thus, weighing the expense of litigation against the amount of insurance proceeds, the parties concluded that the case should be settled in order to conserve the assets.  Defense counsel submitted the cases of Hogan v. Raytheon, 302 F. 3d 854 (8th Cir. 2002) (Exhibit 1) and Egelhoff v. Egelhoff, 532 U.S. 141, 121 S. Ct. 1322 (2001) (Exhibit 2) as evidence of the complex issues present in this case.

The court then questioned Talisha Bosarge and Ashley Hope Werneth and ascertained their understanding of the issues involved and the terms of the settlement agreement.  The court specifically questioned Talisha Bosarge in regard to her belief that the settlement was in the best interest of her children based on the potential depletion of the policy proceeds if the case were litigated.  The court also ascertained that Talisha Bosarge was not seeking any part of the funds for herself and thus had no conflict of interest in representing the interests of her minor children.

### Terms of the Proposed Settlement Agreement

The court was advised that the terms of the proposed settlement are as follows:

1. Ashley Hope Werneth shall receive $6,000.00 from the proceeds of $38,023.89 to pay for funeral expenses.

2. The remaining balance of $32,023.89 [3] shall be divided one-half or $16,011.94 to

---

[3] The funds will accrue interest since November 3, 2005, therefore these sums are an estimate. (Doc. 14).

4

Ashley Hope Werneth and one-half or $16,011.94, to Talisha Bosarge as custodial parent of William Hayden Werneth and Hannah Sophia Werneth; thus Bosarge will receive $8,005.97 for benefit of each minor child.

3.      George W. Finkbohner III and the law firm of Cunningham, Bounds, Crowder, Brown and Breedlove, L.L.C., as counsel for Talisha Bosarge waive any attorney fee and agree to write off the expenses advanced.[4]

4.      Charles J. Fleming as counsel for Ashley Hope Werneth waives any attorney fees or expenses.

Conclusion

The court has considered the proffer by Finkbohner on behalf of Talisha Bosarge, the agreement to the proffer by Fleming on behalf of Ashley Hope Werneth, the testimony of Talisha Bosarge and Ashley Hope Werneth in regard to their understanding of the terms of the settlement agreement and the testimony of Talisha Bosarge in regard to the reasons why the settlement is in the best interest of her minor children, William and Hannah.

The court is now familiar with the proposed testimony that would be offered if this action were tried.  The court has reviewed the claims exerted on behalf of William and Hannah in regard to their right to receive the proceeds of the group life insurance policy issued through Werneth's employer pursuant to the judgment of divorce.  The court is aware of the claims that

---

[4]  In the amended consent motion, Finkbohner sought repayment of the sum of $1,000.00 which was paid by his firm to the Clerk of Circuit Court, Mobile County, Alabama in lieu of a $1,000.00 bond.  Plaintiff posted bond in the state court proceeding in order to obtain a temporary restraining order to prevent the distribution of the insurance proceeds by Hartford. (Doc. 1, Tab A, Exhibits).  However, Finkbohner withdrew his request for these funds and instead will seek reimbursement from the Clerk of Circuit Court.

would be made regarding Ashley Hope Werneth's right to receive the proceeds of the policy as the designated beneficiary.  As proffered by counsel, the sum of $32,023.89, representing the proceeds of the policy with interest, has been paid into court by Hartford (Docs. 13, 14) and Hartford has been dismissed from this litigation. (Doc. 26).  The court notes that the funds will be available for distribution to the parties pursuant to the terms and conditions of the motion to deposit funds (Docs. 12, 13) upon approval of the settlement agreement.

Upon consideration of the pleadings, counsels' proffer of the facts and applicable law, the testimony of the parties as more fully set forth on the record and the fact that the court has now  become familiar with the issues in this case, it is the opinion of the court that the proposed settlement is reasonable, fair, and in the best interest of the minor plaintiffs William and Hannah. The undersigned is persuaded by the potential for extensive and costly litigation should this case not be settled which could likely consume the proceeds of the insurance policy.  The court finds that the settlement agreement is in the best interest of the minor children based upon the law and facts proffered to the court today.  The court further finds that Talisha Bosarge and Ashley Hope Werneth understand fully the ramifications of this settlement.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

That the proposed settlement is hereby approved and the court hereby directs the Clerk of Court to pay the funds deposited by Hartford minus a fee of ten per cent (10%) of the income earned while the funds are held in the court's registry,[5] to Charles J. Fleming to be held in trust and distributed in accordance with the settlement agreement.

Because this action has been settled as to all parties and all claims, it is **FURTHER**

_____

[5] See 28 U.S.C. § 1914 and 1930.

6

**ORDERED, ADJUDGED and DECREED** that this case be and hereby is **DISMISSED** with prejudice and that all claims, arising out of the incident made the basis of this suit, which could have been asserted by Ashley Hope Werneth or Talisha Bosarge on behalf of William and Hannah, her minor children are satisfied and are forever barred.  Each party shall bear their own costs unless otherwise agreed in the settlement agreement.

      **DONE** and **ORDERED** this 15th day of December 2005.


                  **s / Kristi K. DuBose**
                  **KRISTI  K.  DuBOSE**
                  **UNITED STATES MAGISTRATE JUDGE**